# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MELVIN GIVENS,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:15CV111
       (Judge Keeley)

**EDDIE ANDERSON,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99] AND DISMISSING AMENDED COMPLAINT WITH PREJUDICE [DKT. NO. 61]**

On July 2, 2015, the pro se plaintiff, federal inmate Melvin Givens ("Givens"), filed this case pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). In his original complaint, Givens named as defendants Warden Charles Williams, Ellen Mace-Leibson, James Nolte, and Joshua Hall (Dkt. No. 1). Givens alleged that the defendants exhibited deliberate indifference to his medical needs by exposing him to tuberculosis and prolonging treatment for his eye condition. Id. at 7-9. On March 29, 2017, the Court dismissed the majority of his claims, but granted Givens leave to file an amended complaint against Joshua Hall ("Hall") and an additional defendant, Eddie Anderson, D.O. ("Dr. Anderson") (Dkt. No. 59).

On May 18, 2017, Givens filed his amended complaint, naming only Dr. Anderson as a defendant (Dkt. No. 61). Givens alleges that Dr. Anderson was deliberately indifferent to his serious medical needs by delaying the surgery Givens needed to reattach his retina.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99] AND DISMISSING AMENDED COMPLAINT [DKT. NO. 61]**

Id. Pending is Dr. Anderson's Motion to Dismiss or, in the Alternative for Summary Judgment (Dkt. No. 73).[1]

On July 9, 2018, the Honorable James E. Seibert, United States Magistrate Judge, filed a Report and Recommendation ("R&R") recommending that the Court grant Dr. Anderson's motion (Dkt. No. 99). After a thorough review of the medical records, the magistrate judge concluded that the amended complaint is barred by the two-year statute of limitations because, although Givens underwent surgery on February 27, 2012, he did not file his original complaint until July 2, 2015. Id. at 25-28. Moreover, even if the allegations were timely, the magistrate judge reasoned that, at most, they amount to medical negligence, not deliberate indifference in violation of the Eighth Amendment. Id. at 28-33.

The R&R also informed Givens of his right to file "written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections." It further warned that failure to do so would result in waiver of the right to appeal. Id. at 33. Although Givens received the R&R on

---

[1] Because Givens did not name him in the amended complaint, Hall moved for dismissal, requesting that he be removed as a defendant (Dkt. No. 63). The Court granted Hall's motion on January 4, 2018 (Dkt. No. 86).

July 16, 2018 (Dkt. No. 103), he has not filed any objections to the magistrate judge's recommendation.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Having received no objections to the R&R, the Court has no duty to conduct a de novo review of Magistrate Judge Seibert's findings. Furthermore, following a review of the R&R and the record for clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 99);

2) **GRANTS** Dr. Anderson's Motion to Dismiss or, in the Alternative for Summary Judgment (Dkt. No. 73); and

3) **DISMISSES** the amended complaint **WITH PREJUDICE** (Dkt. No. 61).

**GIVENS V. ANDERSON**                                                   **1:15CV111**

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**[DKT. NO. 99] AND DISMISSING AMENDED COMPLAINT [DKT. NO. 61]**

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order, transmit copies of both orders to counsel of record and the pro se plaintiff, by certified mail and return receipt requested, and remove this case from the Court's active docket.

DATED: September 11, 2018.

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE